IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DANIEL C. LOOS,

         Plaintiff,

   v.

OREGON DEPARTMENT OF CORRECTIONS;
OFFICER "JOHN DOE"; CORRECTIONAL
OFFICER CARBOJEL; CORRECTIONAL
OFFICER J. SALDIVER; CORRECTIONAL
OFFICER BROOKS; CORRECTIONAL
OFFICER JANE OR JOHN DOES 1-10;
JANE OR JOHN DOES 1-10 CENTRAL
MEDICAL STAFF; and CORRECTIONAL
OFFICER T. HICKS,

        Defendants.

Civil No. 3:11-cv-00208-BR

OPINION AND ORDER

     DANIEL C. LOOS
     SID 13783862
     Snake River Correctional Institution
     777 Stanton Blvd.
     Ontario, OR  97914-8335

       Plaintiff *Pro Se*

1 - OPINION AND ORDER -

JOHN R. KROGER
Attorney General
KRISTIN A. WINGES-YANEZ
Assistant Attorney General
1515 SW Fifth Avenue
Suite 410
Portland, OR  97201

    Attorneys for Defendants

BROWN, Judge.

Plaintiff, an inmate at the Snake River Correctional Institution ("SRCI"), brings this civil action *pro se*. Currently before the Court is Defendants' Motion to Dismiss [29].  For the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss.

## BACKGROUND

Plaintiff, who describes himself as openly homosexual, alleges employees of the Oregon Department of Corrections ("ODOC") have openly discriminated against Plaintiff over the three-year period preceding the Complaint.  Plaintiff alleges he uses prescription eyeglasses, without which he is "very blind." Plaintiff alleges he was placed in the Disciplinary Segregation Unit ("DSU"), and that DSU staff members confiscated his eyeglasses and refused to return them.  Plaintiff was subsequently informed his eyeglasses were "lost."

Plaintiff alleges he took all informal actions available to him, but was deprived of a replacement pair of eyeglasses and an

2 - OPINION AND ORDER -

eye exam.  After six months, Plaintiff claims he did then receive a replacement pair of eyeglasses.

Plaintiff alleges correctional officials intentionally confiscated and lost his eyeglasses because Plaintiff is gay. Plaintiff also alleges he has been subjected to verbal harassment from Defendants because of Plaintiff's sexual orientation. Plaintiff alleges he was harassed nearly daily by Defendants with "anti-gay hate remarks."

Although not artfully pleaded, it appears Plaintiff's Complaint attempts to allege three or four separate claims for relief.  First, Plaintiff alleges a claim for discrimination under 42 U.S.C. § 1983 in violation of his Fourteenth Amendment right to Equal Protection.  Plaintiff also appears to allege a separate § 1983 claim for violation of unspecified civil rights because of the verbal harassment.

Plaintiff also alleges a claim under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101-12131 because of the deprivation of his eyeglasses.  Finally, Plaintiff makes vague allegations that his rights under "anti-hate crime/gay rights" legislation have been violated.  By way of remedy, Plaintiff seeks money damages and the restoration of his property.

Defendants move to dismiss Plaintiff's Complaint on three bases: (1) Plaintiff failed timely and properly to exhaust the administrative remedies available to him for all claims he now

3 - OPINION AND ORDER -

raises; (2) Plaintiff's claim of verbal harassment alone is insufficient to state a claim under § 1983; and (3) Plaintiff, as a private individual, cannot bring a civil claim under the Hate Crimes Act, 18 U.S.C. § 249.  Plaintiff did not file any response to Defendants' Motion to Dismiss.[1]

## DISCUSSION

### I.   Failure to Exhaust Administrative Remedies

#### A.   Legal Standards

In the Ninth Circuit the failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *see also Dixon v. Corr. Corp. of Am.*, 420 F. App'x 766, 767 (9th Cir. 2011) ("[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Federal Rule of Civil Procedure 12(b) motion rather that a motion for summary judgment").  To decide a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  *Wyatt,* 315 F.3d at 1119-20.

---

[1]The Court issued an Order [34] advising Plaintiff of the requirements for responding to Defendants' Motion to Dismiss for lack of exhaustion of remedies and granting Plaintiff time to file a response to the Motion to Dismiss.

A prisoner must exhaust all available administrative remedies before bringing a federal action concerning prison conditions. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Inmates are required to exhaust all grievance remedies before filing a § 1983 claim, including appealing the grievance decision to the highest level within the grievance system. *Wyatt*, 315 F.3d at 1120. Exhaustion is not limited to § 1983 actions as the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Ninth Circuit has explicitly states that ADA claims must be exhausted by prisoners through administrative remedies before they can file suit. *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1062 (9th Cir. 2007).

Unlike summary judgment, dismissal for failure to exhaust administrative remedies is not a decision on the merits. *Wyatt*, 315 F.3d at 1119. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

B.    **General Grievances**

1.    **ODOC Grievance Procedures**

The ODOC has established an administrative review procedure whereby inmates are encouraged first to attempt to resolve disputes with staff through face-to-face verbal communication or in writing. Or. Admin. R. 291-109-0120. If face-to-face or written communication does not resolve the dispute, an inmate may file an informal written grievance. Or. Admin. R. 291-109-0140(1)(a). The grievance will be forwarded to the appropriate staff person for a response.

If the inmate is not satisfied with the response to his formal written grievance, he may appeal by filing a grievance appeal form within 14 days. Or. Admin. R. 291-109-0170(1)(a). The appeal is then forwarded to the functional unit manager for review and response.

If the inmate is not satisfied with the functional unit manager's decision, he may appeal that decision within 14 days by sending a grievance appeal to the assistant director. Or. Admin. R. 2911-109-0170(2)(a). The assistant director's decision is final and is not subject to further review. Or. Admin. R. 291-109-0170(2)(d).

### 2.   Plaintiff's Grievances Pertaining to his Eyeglasses

On June 9, 2010, Plaintiff filed a grievance alleging the confiscation and loss of his glasses while he was in DSU, and requesting that he receive a replacement pair or an eye exam for another pair of eyeglasses. Defendant Hicks received the grievance on June 28, 2010, and then accepted and processed the grievance, assigned it a number (SRCI 2010-06-140), and forwarded it to the Security department for a response.

On June 30, 2010, Defendant Hicks received a response to the grievance from A. Arnold stating the following:

> Inmate Loos, at no time did I remove your glasses from your property. I do recall you sending me a KYTE to receive them. I searched your property completely and could not find them. I do not recall you being placed in Segregation with glasses on. Send a KYTE to the officers who inventoried your property for the whereabouts of your glasses to make sure they haven't been confiscated.

On July 14, 2010, Defendant Hicks forwarded the grievance response to Plaintiff.

In the interim, on July 13, 2010, Defendant Hicks received another grievance from Plaintiff which was dated July 1, 2010. In it, Plaintiff again requested to see his eye doctor or get his glasses back. Defendant Hicks assigned the grievance number SRCI 2010.07.079, and denied it: "You may not file more than one grievance regarding a single incident. (291-109-149-4),

duplicate/overlays (2010.06.140)."   She sent the denial to Plaintiff.

On November 5, 2010, Defendant Hicks received a grievance first appeal from Plaintiff dated October 26, 2010. In it, Plaintiff asked for $20,000.00 or "we can make a deal" for all the alleged trouble he had been put through. Defendant Hicks denied the grievance first appeal, stating the following reason: "Too late - you should have filed in July 2010 also the grievance process does not provide monetary compensation." Defendant Hicks sent the denial to Plaintiff.

Defendant Hicks received a grievance second appeal from Plaintiff dated November 1, 2010. Plaintiff alleged his grievance first appeal was late because his original grievance response was not delivered to him on time.[2]   Plaintiff again requested $20,000.00 or an agreeable deal. Defendant Hicks denied the grievance second appeal, stating "Too late for appeals." She then sent the denial to Plaintiff.

Even though Plaintiff filed a timely grievance about his missing eyeglasses, he did not timely file his first appeal from the grievance denial. Plaintiff had up to and including July 28, 2010, to file his first appeal. He did not do so until October

---

[2]In an unrelated KYTE dated August 1, 2010, however, the Court notes Plaintiff made reference to his grievance about his eyeglasses and the reply to that grievance by ODOC staff.

26, 2010, almost 90 days after the date his appeal was due. Because Plaintiff's appeal was not timely, he failed properly to exhaust the administrative remedies available to him. *See* *Woodford*, 548 U.S. at 93-95 (holding that "proper exhaustion" under 42 U.S.C. § 1997e(a) is mandatory and cannot be satisfied by filing an untimely or otherwise procedurally defective administrative grievance or appeal). Accordingly, Plaintiff's claims pertaining to the alleged confiscation and loss of his eyeglasses, whether based upon § 1983 or the ADA, must be dismissed for lack of exhaustion.

### C.   Discrimination Complaints

Administrative Rules governing Discrimination Complaints by ODOC inmates are found in Or. Admin. R. Chapter 291, Division. The rules provide that "[a]ny inmate who believes that he/she or any specific class of persons is subjected to discrimination on the basis of race, color, national original, sex, religion, age, marital status, or handicap may themselves, or by representative, file a written complaint." The written complaint must be filed within 180 days of the alleged act of discrimination and must be submitted to the functional unit manager of the unit to which the inmate is assigned.

Defendant Hicks located one discrimination complaint filed by Plaintiff. On December 20, 2010, Hicks received a discrimination complaint dated December 16, 2010. In the complaint, Plaintiff

9 - OPINION AND ORDER -

alleged he had been beaten up by staff because he is homosexual. Hicks denied the discrimination complaint on the basis that it did not provide a valid basis for discrimination, and because ODOC staff's reactive use of force has a separate review process. Hicks provided the denial to Plaintiff, and he took no further action.    Defendant Hicks located no further discrimination complaints submitted by Plaintiff.

The sole discrimination complaint filed by Plaintiff did not pertain to any of the claims alleged in his Complaint.  As such, Plaintiff did not exhaust available state remedies pertaining to his discrimination claims.  Accordingly, they must be dismissed.

### D.   Dismissal With or Without Prejudice

In *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), the Ninth Circuit declared "[i]f the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."  (Citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 & n.3 (9th Cir. 1988) (per curiam)).[3]  Since *Wyatt*, courts in the

---

[3]"A dismissal without prejudice opens the door to a renewed contest.   A dismissal with prejudice brings the contest to a close." *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1432 (9th Cir. 1984).   A dismissal without prejudice may be intended to end the current litigation in the court involved, but not to act as an adjudication on the merits or to bar the filing of a similar action in the same court.   A dismissal with prejudice precludes the plaintiff from pursuing the same claims in another action.

Ninth Circuit have routinely applied the "without prejudice" standard with little discussion. The Court notes, however, the Ninth Circuit has not explicitly addressed a situation in which a prisoner who failed to exhaust his administrative remedies is now procedurally barred from doing so.

Other courts, however, have directly addressed this issue. For example, the Second Circuit held that "dismissal with prejudice, when remedies are no longer available, is required 'in the absence of any justification for not pursuing [such] administrative remedies.'" *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004)). The Seventh Circuit agrees:

> A dismissal for failure to exhaust administrative remedies is normally without prejudice, thus giving the prisoner an opportunity to exhaust his remedies and refile his suit at a later date. . . . But when a grievance is not reviewed because it was filed to late, exhaustion is no longer possible. . . . Because 42 U.S.C. § 1997e(a) prohibits a prisoner from bringing suit without exhausting state remedies, if exhaustion is no longer possible then the suit is barred. . . . Such a defect is properly termed procedural default and thus [the District Judge] properly dismissed the case with prejudice.

*Robinson v. U.S.*, 80 Fed. Appx. 494, *5 (7th Cir. 2003) (internal citations omitted).

Despite the broad proposition announced in *Wyatt*, Magistrate Judge Tsuchida of the Western District of Washington recently

recommended that dismissal for failure to exhaust be entered with

prejudice, explaining as follows:

> Normally where a complaint is dismissed for failure
> to exhaust administrative remedies, dismissal should be
> without prejudice.  Dismissal without prejudice makes
> sense when a prisoner still has the opportunity to
> properly exhaust his administrative remedies.  In such
> a situation, the prisoner should be allowed to exhaust
> his remedies and then reinitiate a § 1983 action if his
> claims are not remedied at the administrative level.
> Here, however, plaintiff no longer has the opportunity
> to properly exhaust his administrative remedies, as the
> time for plaintiff to submit his grievance to the jail
> director has come and gone.
>
> Accordingly, as the time to properly exhaust
> administrative remedies has long passed, plaintiff's
> complaint should be dismissed with prejudice.  This
> course of action would be consistent with the Supreme
> Court's decision in *Woodford v. Ngo*.  In that case, the
> Supreme Court addressed whether a prisoner could avoid
> the PLRA's exhaustion requirement by failing to seek
> administrative review within the period of time
> specified in the institution's procedures.   The
> plaintiff argued § 1997e(a) should be interpreted to
> mean that the doors of the federal courthouse were open
> as soon as the administrative remedies were no longer
> available, regardless of the cause of the
> unavailability.  The Supreme Court roundly rejected the
> argument that "[b]are unavailability suffices even if
> this results from a prisoner's deliberate strategy of
> refraining from filing a timely grievance so that the
> litigation of the prisoner's claim can begin in federal
> court."  548 U.S. at 88.

*Mitchell v. Diazon*, 2011 WL 6370160, *6 (W.D. Wash., Oct. 31,

2011), *report and recommendation adopted by* 2011 WL 6370080 (W.D.

Wash., Dec. 20, 2011).

Similarly in this case, it is apparent that Plaintiff is now

time-barred from exhausting his administrative remedies, and,

therefore, it does not "make sense" to dismiss this matter without prejudice.

Accordingly, in order to complete the record in this matter, the parties may provide simultaneous supplemental briefing to the Court on the question whether the dismissal of Plaintiff's claims pertaining to the alleged confiscation and loss of his eyeglasses should not be with prejudice. Any such supplemental filings are due no later than February 24, 2012.

## II. Failure to State a Claim for Relief - Verbal Harassment

### A. Legal Standards

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**B.    Analysis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989). "Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation omitted).

To the extent Plaintiff alleges prison guards verbally harassed him based upon his sexual orientation, Plaintiff fails to allege a claim upon which relief may be given under § 1983.

Because it is clear Plaintiff cannot cure the defects of this claim by amendment, the dismissal must be with dismissal.

### III. No Private Cause of Action - Hate Crimes Act

Finally, Plaintiff alleges Defendants violated his rights under "anti-hate crime/gay rights." The Hate Crimes Act, 18 U.S.C. § 249(a)(2), makes it a federal crime willfully to cause or attempt to cause bodily injury to another person because of the actual or perceived sexual orientation of that person. The Hate Crimes Act, as a criminal statute, does not give rise to a private right of action. *Wiley v. California*, 2011 WL 6012423, *4 (E.D. Cal. Nov 30, 2011) (citing *Perry v. Garcia*, 2010 WL 3633042, *12 (S.D. Cal. July 16, 2010) (stating that "murder and a violent hate crime are criminal charges, not properly part of a civil action"); *Lorenz v. Managing Director, St. Luke's Hosp.*, 2010 WL 4922267 (S.D. N.Y. Nov.5, 2010); *Lee v. Lewis*, 2010 WL 5125327 (E.D. N.C. Oct.28, 2010)). Accordingly, this claim must be dismissed. Because the deficiencies of this particular claim cannot be cured by amendment, the dismissal is with prejudice.

## CONCLUSION

For these reasons, the Court GRANTS Defendants' Motion to Dismiss [29].  The parties may provide the Court with simultaneous supplemental briefing on the question whether Plaintiff's claims pertaining to the confiscation and loss of his eyeglasses should not be with prejudice no later than February 24, 2012.

IT IS FURTHER ORDERED that the remainder of Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this ___ day of ~~January~~ February, 2012.

_____
ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER -